IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MIQUEAS LEON, on behalf of himself and all other Plaintiffs similarly situated, known and unknown,**<br><br>Plaintiff,<br><br>v.<br><br>**MELROSE CAFE, INC., an Illinois corporation, d/b/a MELROSE RESTAURANT, and VASILIOS KOUTSOUGERAS, an individual,**<br><br>Defendants. | Case No. 15-cv-04770 |

## COMPLAINT

Plaintiff, Miqueas Leon ("Plaintiff" or "Leon"), on behalf of himself and all other Plaintiffs similarly situated, known and unknown, and by and through his attorneys, Timothy M. Nolan and Nicholas P. Cholis of the Nolan Law Office, complains against Defendants, Melrose Cafe, Inc., d/b/a Melrose Restaurant ("Melrose Restaurant"), and Vasilios Koutsougeras "Koutsougeras"), as follows:

### Nature of the Suit

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq*. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*. ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1, *et seq*. ("IWPCA") for Defendants' failure to pay minimum wages, overtime wages, and final compensation to Plaintiff and other similarly situated employees. Plaintiff's regular hourly rate of pay was less than the state minimum wage, $8.25. In addition, Plaintiff, and other employees, worked more than 40 hours in individual workweeks, but were not paid overtime compensation by Defendants.

Finally, Defendants did not Plaintiff his final compensation following his separation from the company. This case is brought as a collective action under 29 U.S.C. § 216(b). Plaintiff's consent form to act as a representative party is attached as Exhibit A.

## Jurisdiction and Venue

2.  This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b) because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## The Parties

4.  Plaintiff was employed by Defendants as a bus boy during the last three years before the filing of this suit. He resides in and is domiciled within this judicial district.

5.  Defendant Melrose Restaurant is operated by Melrose Cafe, Inc., an Illinois corporation, and is doing business as a restaurant within this judicial district. Melrose Restaurant's president and registered agent are also located within this judicial district.

6.  Upon information and belief, Defendant Koutsougeras is the owner and supervising manager of Defendant Melrose Restaurant. Upon information and belief, Koutsougeras resides in and is domiciled within this judicial district.

## Common Allegations

7.  Plaintiff worked approximately 54 hours per week.

8.  Throughout his employment, Defendants paid Plaintiff the sum of $400.00 on a weekly basis.

9.  Defendants paid all of Plaintiff's wages in cash.

10. Upon information and belief, Defendants did not make the required agency withholding deposits when they paid cash wages to Plaintiff.

11. Plaintiff's regular hourly rate of pay was $7.41.

12. Plaintiff, and other employees employed by Defendants, were directed to work, and did work, more than 40 hours per week.

13. Defendants did not compensate Plaintiff and other employees at one and one-half times their regular hourly rates of pay for hours worked in excess of 40 in individual workweeks.

14. Defendants never paid Plaintiff an overtime premium when he worked more than 40 hours in a workweek.

15. Defendant Melrose Restaurant employed more than one person for hire and paid wages to such employees.

16. Upon information and belief, Defendant Melrose Restaurant earned more than $500,000 in annual gross revenue in 2012, 2013, and 2014.

17. Defendants' employees, including Plaintiff, have regularly handled, sold or otherwise worked on goods and materials that have been moved or produced for interstate commerce, including, but not limited to, food products and supplies.

18. Defendant Koutsougeras possessed the authority to hire and fire Defendants' employees, supervised and controlled employee work schedules or conditions of employment, determined rate and method of payment, and maintained employment records. In furtherance of these duties, Koutsougeras set employee work schedules, set employee rates of pay, and paid cash wages to the Plaintiff.

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages

19. Plaintiff hereby incorporates paragraphs 1 through 18 as though stated herein.

20. Plaintiff is an "employee" under the FLSA, 29 U.S.C. § 203(e)(1), and Plaintiff is not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207.

21. During the course of Plaintiff's employment, Defendants employed other employees who were similarly not exempt from the overtime wage provisions of the FLSA.

22. During all relevant times, Defendants have each been an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

23. Defendant Melrose Restaurant is an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and has operated as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

24. Under 29 U.S.C. § 207, for all weeks during which Plaintiff and other employees worked more 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

25. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

26. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendants paid Plaintiff's wages in cash in order to avoid recording employee work time and their own failure to pay employees their overtime wages. Upon information and belief, Defendants' cash wage payments were not reported to the appropriate federal and state agencies.

**WHEREFORE**, the Plaintiff, Miqueas Leon, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, Melrose Cafe, Inc., d/b/a Melrose Restaurant, and Vasilios Koutsougeras, as follows:

A.  Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.  Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.  Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.  Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

27. Plaintiff hereby incorporates paragraphs 1 through 18 as though stated herein.

28. Plaintiff is an "employee" under the IMWL, 820 ILCS § 105/3(d), and is not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

29. During the course of Plaintiff's employment, Defendants employed other employees who were similarly not exempt from the overtime wage provisions of the IMWL.

30. At all times relevant, Defendants have each been an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

31. Under 820 ILCS § 105/4(a), for all weeks during which Plaintiff and employees worked more than 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

32. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Miqueas Leon, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, Melrose Cafe, Inc., d/b/a Melrose Restaurant, and Vasilios Koutsougeras, as follows:

A. Judgment in the amount of unpaid overtime wages found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Minimum Wage Law – Minimum Wages

33. Plaintiffs hereby incorporate paragraphs 1 through 18 as though stated herein.

34. Plaintiff is an "employee" under the IMWL, 820 ILCS § 105/3(d), and is not exempt from the minimum wage provisions of the IMWL, 820 ILCS § 105/4.

35. Throughout Plaintiff's employment, Defendants employed other employees who were similarly not exempt from the minimum wage provisions of the IMWL.

36. During all relevant times, Defendants have each been an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

37. Pursuant to 820 ILCS § 105/4, Plaintiff, as well as other employees, were entitled to be paid the minimum wage under the IMWL.

38. Defendants' resultant failure to pay minimum wages was a violation of the IMWL, 820 ILCS § 105/4.

**WHEREFORE**, the Plaintiff, Miqueas Leon, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, Melrose Cafe, Inc., d/b/a Melrose Restaurant, and Vasilios Koutsougeras, as follows:

A. Judgment in the amount of unpaid minimum wages found due;

    B.       Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

    C.       Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

    D.       Such other and further relief as this Court deems appropriate and just.

### COUNT IV
### Violation of the Illinois Wage Payment and Collection Act - Final Compensation

39.    Plaintiff hereby incorporates paragraphs 1 through 18 as though stated herein.

40.    Plaintiff is an "employee" under the IWPCA, 820 ILCS § 115/2, and Plaintiff is not exempt from the IWPCA's protections, 820 ILCS § 115/1, *et seq*.

41.    Defendants are each an "employer" under the IWPCA, 820 ILCS § 115/2.

42.    During Plaintiff's employment, Plaintiff and Defendants understood and agreed that Plaintiff would be paid for all work performed.

43.    Defendants violated the IWPCA by failing to pay Plaintiff his final compensation at the time of his separation or by the next regularly scheduled pay day.

44.    Defendants further violated the IWPCA by issuing cash payments to Plaintiff which deprived Plaintiff of the withholding agency deposits required by the IWPCA.

**WHEREFORE**, the Plaintiff, Miqueas Leon, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, Melrose Cafe, Inc., d/b/a Melrose Restaurant, and Vasilios Koutsougeras, as follows:

    A.       Judgment in the amount of unpaid earned wages, final compensation, and agency withholding deposits due Plaintiff;

    B.       Statutory damages in the amount of two percent (2%) per month of the amount of underpayments;

    C.       Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.  Such other and further relied as this Court deems appropriate and just.

Dated: May 29, 2015                                         Respectfully submitted,
                                                            Miqueas Leon, on behalf of himself and all
                                                            other Plaintiffs similarly situated, known
                                                            and unknown,


                                                            /s/ Nicholas P. Cholis
                                                            _____
                                                            One of Plaintiff's Attorneys


Timothy M. Nolan
IL ARDC No. 6194416
Nicholas P. Cholis
IL ARDC No. 6292556
Nolan Law Office
Attorneys for Plaintiff
53 West Jackson Blvd. #1137
Chicago, Illinois  60604
Tele (312) 322-1100
Fax (312) 322-1106
tmnolanlaw@sbcglobal.net
n.cholis.nolanlaw@sbcglobal.net