IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MIQUEAS LEON, on behalf of himself and all other Plaintiffs similarly situated, known or unknown | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 15 C 4770 |
| v. | ) ) | Hon. Manish S. Shah |
| MELROSE CAFE, INC., an Illinois corporation, d/b/a MELROSE RESTAURANT, and VASILIOS KOUTSOUGERAS, an individual, | ) ) ) ) ) | |
| Defendants. | ) | |

**JOINT MOTION FOR APPROVAL OF**
**SETTLEMENT AGREEMENT WITH MIQUEAS LEON**

Plaintiff Miqueas ("Plaintiff") and Defendants Melrose Cafe, Inc. and Vasilios Koutsougeras ("Defendants") (collectively referred to as the "Parties"), through their respective counsel, seek approval of their settlement in this collective action brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq*. The Parties respectfully submit that the terms of the settlement are fair, reasonable, and resolve a *bona* fide dispute between the Parties. In support of their motion the Parties state as follows:

1. On May 29, 2015, Plaintiff filed a four-count Complaint against Defendants alleging that Defendants violated the FLSA and IMWL. Dkt. 1. Plaintiff specifically alleged that he and other similarly situated individuals were not paid minimum wage or at a premium rate for hours worked above forty (40) in a workweek. Defendants deny that they violated the FLSA, IMWL and IWPCA.

2. Over the last two weeks, the Parties engaged in extensive arm's-length settlement negotiations privately through counsel.

3. Court approval of FLSA settlements is necessary to effectuate a valid and enforceable release of FLSA claims asserted. *See Walton v. United Consumers Club, Inc*., 786 F.2d 303, 306 (7th Cir. 1986). Under the FLSA, employees may settle their claims if the Parties agree on the terms, the court approves the settlement as "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1355 (11th Cir. 1982). Based upon the foregoing, the Parties request that this Court review their Settlement Agreement and General Release and approve the same. A copy of the Settlement Agreement and General Release was submitted to the Court for an in-camera review.

4. The settlement was the product of arm's-length negotiations by the Parties. It provides full relief to the Plaintiff and eliminates the inherent risks both sides would bear if this litigation were to continue. Given these circumstances, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness).

5. Should this matter have continued, the Parties would have conducted discovery, briefed a potential Motion to Certify a Class Action and potentially filed dispositive motions.

6. If Plaintiff prevailed on his claims, Defendants would be faced with the prospect of a verdict against them and the obligation to pay attorneys' fees and costs. If Defendants prevailed, Plaintiff faced dismissal of his claims and no recovery. Counsel for both Parties agree that either outcome was possible in this litigation, particularly given that some issues were factual and a trier of fact would have had to resolve them.

7. Lastly, Defendants does not oppose the amount of attorneys' fees and costs sought by Plaintiff.

8. For all of these reasons, this Court should conclude that the proposed settlement reflects a fair and reasonable resolution of a *bona fide* dispute and approve the settlement.

9. The Parties request that this Court dismiss this lawsuit with prejudice.

10. The Parties will submit a Joint Proposed Order for the Court's consideration to Proposed_Order_shah@ilnd.uscourts.gov.

WHEREFORE, the Parties respectfully request that this Court approve their negotiated Settlement Agreement and General Release and dismiss this lawsuit with prejudice with each party to bear their own fees and costs in accordance with the Settlement Agreement.

Dated: July 22, 2015

Respectfully submitted,

s/ Timothy Nolan
Timothy Nolan
Nicholas P. Cholis
Nolan Law Office
53 West Jackson Blvd. #1137
Chicago, Illinois 60604
(312) 322-1100
(312) 322-1106 (fax)
tmnolanlaw@sbcglobal.net
n.cholis.nolanlaw@sbcglobal.net
*Attorneys for Plaintiff Leon*

s/Antonio Caldarone
Antonio Caldarone
Laner Muchin, Ltd.
515 N. State Street, Suite 2800
Chicago, IL 60654
(312) 467-9800
(312) 467-9479 (fax)
acaldarone@lanermuchin.com
*Attorney for Defendants*